RECEIVED
USDC CLERK, CHARLESTON, SC

2006 JUN 26  P 1:42

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Lamont Brown, #193756, | ) C/A No. 9:06-1569-JFA-GCK </br>) </br>) </br>) </br>) </br>)  Report and Recommendation </br>) </br>) </br>) </br>) |
| Plaintiff, | |
| vs. | |
| Perry Correctional Officer Horn, | |
| Defendant. | |



This is a civil rights action filed *pro se* by a state prison inmate.[1]  Plaintiff is currently confined at Broad River Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system, serving a sentence for possession of a stolen vehicle. In the Complaint in this case, signed and dated May 18, 2006, and filed in this Court on May 22, 2006, Plaintiff complains that certain personal photographs that he had with him when he was transferred into the SCDC system at Perry Correctional Institution were confiscated by an SCDC correctional officer, Defendant Horn.  He claims that the photographs were of a highly personal nature, and he does not believe that the officer had a right to take and keep the photographs.

On May 25, 2006, an initial "proper form" Order was issued in this case. (Entry 3). In that Order, Plaintiff was ordered to either pay the filing fee this case or else to submit properly and fully completed court-approved financial forms required in order for prison inmates to proceed with litigation in this Court by paying the filing fee in installments

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

pursuant to established Court procedures developed in compliance with 28 U.S.C. § 1915, and other applicable provisions of the Prison Litigation Reform Act (PLRA). He was also ordered to answer a set of Court's Special Interrogatories containing questions specifically directed to Plaintiff's efforts, if any, to exhaust his SCDC administrative remedies relative to his complaints. The Special Interrogatories contained a clear statement of the current state of federal law with respect to the exhaustion of administrative remedies requirement and specifically informed Plaintiff: **"If you have not fully completed the SCDC/BOP administrative process with regard to EACH of your claims against EACH named defendant, your case could be subject to dismissal for failure to exhaust your remedies."**

The time for Plaintiff's full compliance with the terms of the proper form Order has now passed, but Plaintiff has only partially complied. He has not submitted the required signed statement of assets and the financial certificate that he submitted is not filled out, as required, by an SCDC financial official. The financial certificate it is signed by Plaintiff, thus indicating his intent to attempt to proceed in this case without prepayment of the full filing fee and his consent to the application of the installment payment provisions of the PLRA in this case. (Entry 4). Plaintiff has submitted his Answers to the Court's Special Interrogatories (Entry 6), and review of those Answers clearly shows that he failed to exhaust his SCDC administrative remedies prior to filing this lawsuit.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison

Litigation Reform Act of 1996, and in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951 (4th Cir. 1995)(*en banc*); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); and <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* <u>Hughes v. Rowe</u>, 449 U.S. 5, 9-10 & n.7 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

First, this case should be dismissed because of Plaintiff's failure to fully comply with the directions contained in the proper form Order. Although he *partially* complied, that is not sufficient to save this case from dismissal. He was required to *fully* comply with the directions contained in the Order, yet he did not do so without explanation or any attempted excuse. *See* Fed.R.Civ.P. 41(b)(district courts may dismiss an action if a plaintiff fails to

3

comply with "any order of the court." ); see also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss sua sponte).

Second, Plaintiff's claims should be dismissed because he has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. In enacting the Prison Litigation Reform Act of 1996[2] (the PLRA), Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions[3] under section 1983 of this title, or any other Federal law, by a prisoner[4] confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before Plaintiff may proceed with his claims in this Court, he must first FULLY exhaust his administrative

---

[2] Pub. L. No. 104-134, Title VIII, 110 Stat. 1321-66.

[3] The PLRA does not define the term "prison conditions" for use in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Id. § 3626(g)(2). See Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999) (specifically requiring exhaustion of plaintiff's equal protection claim). The Second Circuit derives its definition from existing case law, defining prison conditions as "'those aspects of prison life affecting the entire prison population, such as the food, medical care, recreational facilities and the like,'" including "action affecting the prisoner [that] was dictated by prison policy or reflected a facility-wide practice affecting the entire inmate population." Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (per curiam)). Both of these definitions encompass Plaintiff's claims herein.

[4] Subsection (h) defines "prisoner" to mean, in pertinent part, "any person incarcerated or detained in any facility who is *accused of*, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law[.]" Id. § 1997e(h) (emphasis added). Thus, exhaustion of administrative remedies is also required of pretrial detainees.

4

remedies available through the SCDC grievance process.[5] *See* Woodford v. Ngo, --- S.Ct. ----, 2006 WL 1698937 (June 22, 2006) (prisoners must "properly exhaust" their administrative remedies before coming into court). The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); ;*see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff).

Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense and not a jurisdictional infirmity in this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the Court, *sua sponte* dismissal prior to service of the complaint is appropriate. *See* Anderson v. XYZ Correctional Health Services, Inc, 407 F. 3d 674 (4th Cir. 2005); *see also* Frost v. Hagan, 2005 WL 2476202 (4th Cir., Oct 07, 2005)(unpublished opinion affirming *sua sponte* dismissal under 42 U.S.C. § 1997e). In this case, in light of the date on which this case was filed (May 22, 2006) compared to the alleged date of the incident of which Plaintiff complains (May 4, 2006), which are less than

---

[5] In orders filed on May 9, 1996, this Court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). See the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996), which incorporate by reference SCDC PS-10.01 (May 1, 1996).

5

one month apart, it is clear from the face of Plaintiff's Complaint that Plaintiff did not fully exhaust his administrative remedies before filing this lawsuit. This fact is even more evident following review of Plaintiff's Answers to the Court's Special Interrogatories, which contained a specific exhaustion of administrative "warning" on their face. Although Plaintiff does state in his Answers that he filed a Step 1 grievance on the day of the incident (May 4, 2006), it is obvious that he did not wait the required period of time under the SCDC administrative process for a response to the Step 1 grievance (40 days), but, instead, simply decided to abandon the established grievance process before its completion by filing this lawsuit. When specifically asked why he did not institute a Step 2 grievance (the final step of the SCDC administrative remedy process) with responsible SCDC officials about his complaint, all Plaintiff says is that "I wrote a civil lawsuit." (Entry 6, answer 6). It is the responsibility of the prisoner to fully comply with the terms of the applicable policy regarding time limits and procedural matters. See Woodford v. Ngo; Johnson v. Johnson, 385 F. 3d 503 (5th Cir. 2004); Strong v. David, 297 F.3d 646, 649 (7th Cir. 2002). It is not the federal court's place to order the prison to change or ignore its established rules and/or time limitations in order to save a prisoner's claims from his or her own failure to fully comply with the established procedures before filing federal lawsuits.

In order to completely exhaust the SCDC administrative remedy, an inmate must fill out a Form 10-5, Step 1 about the matters raised in his Complaint and give the form to the Institutional Inmate Grievance Coordinator within **fifteen (15)** days of the alleged incident of which the inmate complains. The grievance coordinator has **five (5)** days from the time the grievance is presented by the inmate to put it into SCDC's automated system.

6

Once the grievance is properly entered into the SCDC automated system, the Warden should then respond to the Step 1 grievance in writing within **forty (40)** days. If the inmate is not satisfied with the Warden's response, then, within **five (5)** days, he or she must file an appeal of the Step 1 grievance response by filing a Form 10-5a, Step 2 Appeals to the Responsible Official with the Inmate Grievance Coordinator. A responsible SCDC official will then have **sixty (60)** days to respond to the Step 2 grievance. The decision of the "responsible official" who answers Step 2 is the Department's final response in the matter. For matters pertaining to the prisoner's conditions of confinement, if the prisoner is not satisfied with the response of the Step 2 SCDC Responsible Official appeal, he or she may then file a complaint in Federal District Court about the alleged problems with the conditions of their confinement that were raised in their grievance. Since it is obvious that Plaintiff did not even give SCDC officials the required time to respond to his Step 1 grievance before filing this case, much less that he completed the process by going on to and completing Step 2, this case is subject to summary dismissal for lack of exhaustion of administrative remedies. Requiring a prisoner to participate in the SCDC administrative process before pursuing any federal remedies he may have provides him with an opportunity to prevail administratively that will be lost if the federal court proceeds without requiring that prison remedies be exhausted.



## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See <u>Denton v. Hernandez</u>; <u>Neitzke v. Williams</u>; <u>Haines v. Kerner</u>; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-04

& n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Given Plaintiff's failure to pursue the SCDC administrative remedy process before filing this suit, it is recommended that his claims be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2), and that this dismissal count as a "STRIKE" pursuant to 28 U.S.C. § 1915(g). Nevertheless, the dismissal may constitute a strike for purposes of 28 U.S.C. § 1915(g). See Kalinowski v. Bond, 358 F.3d 978, 979 (7th Cir.)(strike is properly entered where the plaintiff fails to exhaust administrative remedies), cert. denied, 124 S. Ct. 2843 (2004); Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1213 (10th Cir. 2003)(same), cert. denied, 125 S. Ct. 344 (2004).

Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

George C. Kosko
United States Magistrate Judge

June 26, 2006
Charleston, South Carolina

8

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

9